IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00447-JLK-MEH

DISH NETWORK CORPORATION, and
DISH NETWORK LLC,

      Plaintiffs,

v.

ARCH SPECIALTY INSURANCE COMPANY,
ARROWOOD INDEMNITY COMPANY,
TRAVELERS INDEMNITY COMPANY OF ILLINOIS, and
XL INSURANCE AMERICA, INC., and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

      Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Pending before the Court is Dish Network's Combined Motion and Memorandum to Compel Discovery from All Defendants and for Attorney Fees and Costs [filed October 27, 2009; docket #67], Defendant Arrowood Indemnity Company's Motion for Protective Order Regarding Fed.R.Civ.P. 30(b)(6) Deposition [filed October 27, 2009; docket #70], Defendant Travelers Property Casualty Company of America, Formerly Known as Travelers Indemnity Company of Illinois, Motion for Protective Order [filed November 3, 2009; docket #76], and Defendant Arch's Motion for Protective Order [filed November 9, 2009; docket #86]. The motions are referred to this Court for disposition. (Dockets ##69, 71, 77, 87.) The matters are briefed to the extent required by the Court, and the Court heard oral argument on the motions on November 10, 2009. (*See* docket #78.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Dish

Network's Motion to Compel [docket #67] as stated below and **GRANTS** the Motions for Protective Order [dockets ##70, 76, 86].

## I.     Background

This is a case about insurance coverage, arising from a Multi-District Litigation lawsuit ("Katz lawsuit") pending in the Central District of California.  Plaintiffs, formerly known as EchoStar Communications Corporation and EchoStar Satellite LLC, are suing the five Defendant Insurers for defense and indemnity related to the Katz lawsuit.  In the Katz lawsuit, EchoStar Satellite LLC is being sued for patent infringement.  (Docket #80-4 at 2.)  Plaintiffs claim the commercial general liability insurance policies sold to Plaintiffs by the Defendant Insurers invoke the duty to defend and duty to indemnify as related to the Katz lawsuit.  Defendants contest whether EchoStar Satellite LLC is covered under the policies sold to Plaintiffs, and in any event, whether the policies cover the Katz lawsuit at all.  Plaintiffs contend that the insurance contract provisions allowing coverage for "advertising injury" implicate Defendants' duties to defend and indemnify.

The parties previously agreed to two phases of litigation, first adjudicating the duty to defend, and then determining the duty to indemnify.  The District Court will proceed to evaluating the duty to indemnify if Plaintiffs can establish Defendants' duty to defend.  (*See* docket #51 at 22-23.)  The District Court set a briefing schedule for cross Motions for Summary Judgment on the question of the duty to defend.  (Docket #52.)  Plaintiffs filed their Motion to Compel and a subsequent motion for a Rule 56(f) continuance, requesting a continuance of their obligation to respond to the pending summary judgment motions due to the Defendants' objections to Plaintiffs' discovery requests.  (*See* docket #75.)  Defendants Arrowood, Travelers, and Arch filed the motions for protective orders, seeking the Court to prohibit Plaintiffs from pursuing noticed Rule 30(b)(6)

depositions. The Motion to Compel and the Motions for Protective Orders address the same issue: whether the discovery sought by Plaintiffs improperly exceeds the scope of the initial evaluation of Defendants' alleged duty to defend.

## II.     Standard of Review

### A.     *Relevance*

The scope of evidence subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Rule 26(b)(1). *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004).

### B.     *Duty to Defend*

The District Court previously articulated that, "[i]n Colorado, the governing law for this question is set forth in *Hecla Mining Co. v. New Hampshire Insurance Co.*, 811 P.2d 1083, 1089 (Colo. 1991), which provides that an insurer's duty to defend arises when the underlying complaint against the insured 'alleges any facts that might fall within the coverage of the policy . . . . [T]he obligation to defend arises from allegations in the complaint, which if sustained, would impose a liability covered by the policy.'" *Lextron, Inc. v. Travelers Cas. and Sur. Co. of Am.*, 267 F. Supp. 2d 1041, 1045 (D. Colo. 2003) (citing *Hecla Mining Co.*, 811 P.2d at 1089). "If the claims are entirely outside the coverage, or if they are excluded by the terms of the insurance policy, then there is no duty to defend." *Id.* (citation omitted). The determination of an insurer's duty to defend thus depends on an analysis of 1) the coverage provided in the insurance contract and 2) the claim or

claims made in the underlying lawsuit's complaint. *Id. See also Mountain States Mut. Cas. Co. v. Kirkpatrick*, No. 06-cv-00221-WDM-MEH, 2007 WL 707461 (D. Colo. Mar. 6, 2007).

**III.   Analysis**

In essence, Plaintiffs ask the Court to find that ambiguity in the insurance contracts at issue implicates discovery beyond the contracts themselves and the four corners of the complaint in the underlying lawsuit. Plaintiffs assert that the Katz lawsuit falls within the "advertising injury" provisions of Defendants Arrowood, National Union, Travelers, and XL's insurance contracts.[1] Plaintiffs argue that the terminology used to define "advertising injury," as well as the general exclusions from coverage, are ambiguous as to whether such coverage extends to lawsuits for patent infringement. Defendant Arch's contract explicitly excludes coverage for lawsuits regarding infringement of copyright, patent, trademark or trade secret, but this exclusion excepts "infringement, in your 'advertisement,' of copyright, trade dress or slogan." (Docket #80-2 at 10.) Plaintiffs suggest the Katz lawsuit falls within this named exception to the general exclusion.

Defendants respond in generally the same manner, stating that discovery is limited in Phase One of this litigation to the applicable insurance contracts and the underlying lawsuit's complaint. Defendants contend that Plaintiffs fail to show ambiguity in the insurance contracts, and as a matter of law, it is within the Court's discretion to determine that Plaintiffs fail to meet their burden. Defendants assert that the crux of Plaintiffs' claim requests the Court to improperly construe "patent infringement" as "misappropriation of advertising ideas." This construction would be improper, according to Defendants, because the underlying Katz lawsuit is not about misappropriation of

---

[1] These Defendants stipulated on the record on November 10, 2009, that their contracts provided for, in pertinent part, essentially the same coverage for events described as "advertising injury." This is also reflected in the Amended Complaint. (*See* docket #5.)

advertising ideas or trade dress, but concerns infringement upon an actual product that is patented for certain technology.

The plain language of the insurance contracts at issue, other than that of Defendant Arch, indicates coverage for defense and "damages because of 'personal injury' or 'advertising injury.'" (*See* docket #5 at 5-9.) The four policies define "advertising injury" in essentially the same manner, as including offenses such as slander or libel, privacy torts, "misappropriation of advertising ideas or style of doing business," or "infringement of copyright, title or slogan." (*Id*.)

The First Amended Complaint of the underlying Katz lawsuit characterizes the action as a complaint "for patent infringement." (Docket #80-4 at 2.) The Katz Plaintiff contends EchoStar Satellite LLC infringes upon his patents for the integration of telephone systems with computer databases in "interactive call processing." (*Id*. at 5.) The Katz Plaintiff states EchoStar Satellite LLC "employs the inventions of certain of the patents-in-suit" and has not engaged in discussions regarding licensing the technology. (*Id*. at 6.) The Katz lawsuit complaint designates one claim against EchoStar Satellite LLC, for patent infringement through its alleged operation of certain automated telephone systems. (*Id*. at 10.) The Court does not discern any mention of advertising in the Katz lawsuit's First Amended Complaint.

An insurance policy is a written contract and, as such its construction is to be determined as a matter of law. *United States Fidelity & Guar. Co. v. Budget Rent-A-Car Sys., Inc*., 842 P.2d 208, 211 (Colo. 1992). As stated by the District Court, "[i]nsurance policies must be enforced as written, unless there is an ambiguity in the policy language." *Fight Against Coercive Tactics Network, Inc. v. Coregis Ins. Co.*, 926 F. Supp. 1426, 1430 (D. Colo. 1996) (citing *Union Ins. Co. v. Houtz*, 883 P.2d 1057, 1061 (Colo. 1994)). "Policy language is ambiguous where it is reasonably susceptible

to more than one meaning," however, "strained constructions should be avoided." *Id*. (citations omitted). If the policy language is ambiguous, "the policy must be construed against the drafter" and "the court must accept and apply the reasonable interpretation offered by the insured." *Id*. (citations omitted).

Here, the Court declines to agree with Plaintiffs' argument that the alleged ambiguity in this matter necessitates expanded discovery on the question of the duty to defend. The Court finds that Plaintiffs do not suggest a reasonable alternative interpretation of the provisions they deem ambiguous, nor does the case law cited to the Court indicate the contentious contract provisions, as related to underlying patent infringement lawsuits, should be viewed as ambiguous as a matter of law. The Court did not find directly on-point binding precedent, however, the Tenth Circuit, applying Utah law, did find that a patent infringement lawsuit not arising from the course of advertising goods, products, or services, was not covered by an "advertising injury" insurance contract provision. *Novell, Inc. v. Federal Ins. Co.*, 141 F.3d 983, 988 (10th Cir. 1998) (evaluating history of commercial general liability policies and holdings from other Circuits on the same issue). *See also Triple M Financing, Co. v. Universal Underwriters Ins. Co.*, 164 F. App'x 702, 703 n.1 (10th Cir. 2006) (unpublished) (holding a patent infringement proceeding did not fall under "invasion of possession of person property" provision implicating the duty to defend and noting that before appeal, the appellant abandoned its claim that such proceeding enjoyed coverage under an "advertising injury" provision). Other Circuits have addressed the issue of whether advertising injury provisions cover patent infringement and concluded similarly to the Tenth Circuit in *Novell*, that absent infringement in the course of advertising, patent infringement likely would not be a covered event. *State Farm Fire and Cas. Co. v. Steinberg*, 393 F.3d 1226, 1234 (11th Cir. 2004)

(holding alleged misappropriation of a confidential customer list not within advertising injury insurance provision, because a confidential customer list is a trade secret and not an idea about advertising or an outward expression of a business's style); *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1141 (9th Cir. 2003) (determining that an advertising injury insurance contract provision did not cover the underlying patent infringement action in that matter, because the underlying action did not allege a violation of a method patent involving advertising ideas or a style of doing business); *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 797 (6th Cir. 2002) (restating prior holding that "an advertising injury does not occur during the course of patent infringement unless the injury results directly from advertising"). *Compare Elite Brands, Inc. v. Pennsylvania Gen. Ins. Co.*, 164 F. App'x 60, 61-62 (2d Cir. 2006) (unpublished) (underlying patent infringement proceeding did not implicate insurance advertising injury provision because the complaint did not raise allegations about advertising activity), *with R.C. Bigelow, Inc. v. Liberty Mutual Ins. Co.*, 287 F.3d 242, 247-48 (2d Cir. 2002) (finding the underlying trade dress infringement claims involved claims for advertising injury, as the alleged violations were committed in the course of advertising products, to the extent that the packaging was copied). *Compare Green Mach. Corp. v. Zurich-American Ins. Group*, 313 F.3d 837, 841 (3d Cir. 2002) (holding underlying patent infringement action did not invoke advertising injury coverage, because the complaint did not include allegations involving an advertising idea (*i.e.*, taking an idea about the solicitation of business) or a style of doing business (*i.e.*, a marketing approach, not a means of production)), *with Houbigant, Inc. v. Federal Ins. Co.*, 374 F.3d 192, 201-02 (3d Cir. 2004) (concluding trademark infringement falls under advertising injury provision, because the injury, that is, the trademark infringement, was caused by advertising activity, as trademarks have the same purpose as

7

advertising (they are a way of marking goods so that they will be identified with a particular source)).

In light of the language in the contracts at issue, the underlying Katz lawsuit complaint, and the governing and persuasive case precedent, the Court believes that Plaintiffs are entitled to three items of discovery from each Defendant for purposes of Phase One, the duty to defend: the applicable insurance policy, the underwriting file, and identification of a witness with knowledge. To the extent such discovery has been provided, Plaintiffs' Motion to Compel is denied. To the extent any named Defendant has not yet disclosed such items, Plaintiffs' Motion to Compel is granted. Specifically, Defendant National Union is ordered to produce the underwriting file and to identify a witness. Additionally, Defendant Travelers is ordered to produce any documents similar to Plaintiff's Exhibit 19 at Docket #67-22. For the same reasons Plaintiffs' Motion to Compel is denied, the pending Motions for Protective Order precluding the noticed Rule 30(b)(6) depositions are granted. To the extent any motion requests fees, the Court finds that an award of fees is not appropriate under the circumstances.

The Court does not believe, pursuant to the above analysis, that the Motions for Summary Judgment are premature. However, as the Court orders certain items to be produced by the Defendants, the Court recommends an extended briefing schedule on the Motions for Summary Judgment to accommodate Plaintiffs' review of the discovered materials.

**IV.   Conclusion**

Accordingly, for the reasons stated herein, the Court **GRANTS** Defendant Arrowood Indemnity Company's Motion for Protective Order Regarding Fed.R.Civ.P. 30(b)(6) Deposition [filed October 27, 2009; docket #70],

Defendant Travelers Property Casualty Company of America, Formerly Known as Travelers Indemnity Company of Illinois, Motion for Protective Order [filed November 3, 2009; docket #76], and

Defendant Arch's Motion for Protective Order [filed November 9, 2009; docket #86].

The Court **GRANTS IN PART** Dish Network's Combined Motion and Memorandum to Compel Discovery from All Defendants and for Attorney Fees and Costs [filed October 27, 2009; docket #67] to the extent each named Defendant is ordered to produce the applicable insurance policy, the underwriting file, and identification of a witness with knowledge on or before **November 23, 2009**.  Additionally, Defendant Travelers is ordered to produce any documents similar to Plaintiff's Exhibit 19 at Docket #67-22 on or before **November 23, 2009**.  The Court **DENIES IN PART** Plaintiffs' Motion to Compel in all other respects.

Dated at Denver, Colorado, this 12th day of November, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge