IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DISH NETWORK CORPORATION AND DISH NETWORK L.L.C., | : : : |
| Plaintiffs, | : : |
| v. | :  Civil Action No. 09-cv-447-JLK-MEH : |
| ARCH SPECIALTY INSURANCE COMPANY; ARROWOOD INDEMNITY COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; TRAVELERS INDEMNITY COMPANY OF ILLINOIS; AND XL INSURANCE AMERICA, INC., | : : : : : : : |
| Defendants. | : |

## STIPULATION AND PROTECTIVE ORDER

Each Party to the above-captioned action and its Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

The following terms differ slightly from the Court's form order. Good cause exists to modify the terms to more closely tailor the Protective Order to the specifics of this case.

1.  In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request

the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing:

> (a) Information concerning or relating to the processes, products, product testing, development or manufacture, work, operations, apparatus, or sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained;
>
> (b) Proprietary information including but not limited to manuals, procedures, method of doing business, or the design or structure of any insurance program, identification of insureds, or information regarding any insured, persons, firm, partnership, corporation, or other organization, pricing, rating, formulas, calculations or the disclosure of which may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained or otherwise impact privacy or other confidential or proprietary interests;
>
> (c) Information, which is otherwise privileged, that is exchanged between Dish Network Corp. or Dish Network LLC ("Dish Network"), or their representatives, attorneys or affiliated companies, and any Defendant (i.e., Arch Specialty Insurance Company, Arrowood Indemnity Company, National Union Fire Insurance Company of Pittsburgh, PA, Travelers Indemnity Company of Illinois and XL Insurance America, Inc.) to the captioned action (the "Insurance Coverage Case"), or its representatives, attorneys or affiliated companies, during the course of the Insurance Coverage Case because it may be pertinent to the relief sought by Dish Network, including but not limited to communications, reports or analyses authored by defense counsel in the Katz Technology Lawsuit, or invoices for attorney fees and expenses incurred by Dish Network in the investigation and defense of claims against it in the Katz Technology Lawsuit; or
>
> (d) Information, the disclosure of which to third parties would have an adverse impact on Dish Network Corp., Dish Network LLC, or any of the insurers set forth in paragraph (c) above, with respect to pending or future claims.

2

    (e)    Inclusion or identification of categories or types of materials in this section is not intended to imply or acknowledge that such materials are discoverable or admissible; each party retains the right to assert all appropriate objections to their production or admission notwithstanding this Protective Order.

3.    Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a.    By imprinting the word "Confidential" on the first page or cover of any document produced;

    b.    By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.    All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5.    Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency, unless authorized to do so by court order.

6. The Party's counsel who shares Confidential Information with "Qualified Recipients" shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by Qualified Recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed. Qualified Recipients shall include clients, experts, consultants, reinsurers, insurance regulators and potential witnesses in this litigation. Support staff, employees and agents of counsel shall be bound by the Affidavit executed by counsel of record and shall not be required to execute a separate Affidavit, nor shall counsel be required to maintain these persons on the list. Similarly, employees and agents of clients, experts and consultants shall be bound by the Affidavit executed by the clients, experts and consultants and shall not be required to execute a separate Affidavit, nor shall counsel be required to maintain these persons on the list.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above. Copies may be provided to clients, experts and consultants per paragraph 6.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C. COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)).

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom; alternatively, each Party's counsel shall ensure and certify that all extracts, abstracts, charts, summaries, notes or copies are destroyed. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 28th day of December, 2009.

BY THE COURT:


*s/John L. Kane*
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT


**STIPULATED AND AGREED BY:**

| **PARTY** | **COUNSEL** |
|---|---|
| | /s/ Lee M. Epstein |
| DISH NETWORK CORP. and | Lee M. Epstein, Esq. |
| DISH NETWORK LLC | Fried & Epstein LLP |
| | 325 Chestnut Street, Suite 900 |
| | Philadelphia, PA 19106 |
| | Tel.: (215) 625-0123 |
| | |
| | Todd Mackintosh, Esq. |
| | Mackintosh Law Office, LLC |
| | 1775 Sherman, Suite 1650 |
| | Denver, CO 80203 |
| | Tel.: (303) 282-5166 |
| | |
| | /s/ Laurence M. McHeffey |
| ARROWOOD INDEMNITY CO. | Todd E. Jaworsky, Esq. |
| | Laurence M. McHeffey, Esq. |
| | McElroy, Deutsch, Mulvaney & Carpenter, LLP |
| | 1700 Broadway, Suite 1900 |
| | Denver, CO 80209 |

|  |  |
|---|---|
|  | Tel.: (303) 293-8800 |
|  | Roger K. Heidenreich, Esq.<br>Deborah C. Druley, Esq.<br>Sonnenschein, Nath & Rosenthal, LLP<br>One Metropolitan Square, # 3000<br>St. Louis, MO 63102<br>Tel.: (314) 259-5805 |
| ARCH SPECIALTY INSURANCE CO. | /s/ Robert J. Zavaglia<br>Thomas N. Alfrey, Esq.<br>Robert J. Zavaglia, Esq.<br>Treece, Alfrey, Musat & Bosworth, P.C.<br>999 18th Street, Suite 1600<br>Denver, CO 80202<br>Tel.: (303) 292-2700 |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | /s/ John W. Grund<br>John W. Grund, Esq.<br>Della S. Nelson, Esq.<br>Grund, Dagner & Nelson, P.C.<br>1660 Lincoln Street, Suite 2800<br>Denver, CO 80264<br>Tel.: (303) 830-7770 |
|  | Richard H. Nicolaides, Jr., Esq.<br>Daniel I. Graham, Jr., Esq.<br>Amy P. Klie, Esq.<br>Bates & Carey LLP<br>191 North Wacker Street, Suite 2400<br>Chicago, IL 60606<br>Tel.: (312) 762-3100 |
| TRAVELERS INDEMNITY COMPANY OF ILLINOIS | /s/ Kevin F. Amatuzio<br>Kevin F. Amatuzio, Esq.<br>Montgomery, Kolodny, Amatuzio & Dusbabek, LLP<br>1775 Sherman Street, #2100<br>Denver, CO 80203<br>Tel.: (303) 592-6600 |

XL INSURANCE AMERICA

/s/ Lisa F. Mickley
Lisa F. Mickley, Esq.
Hall & Evans, LLC
1125 17th Street, Suite 600
Denver, CO 80202
Tel.: (303) 628-3300

George S. McCall
Sedgwick, Detert, Moran
& Arnold LLP
1717 Main Street, Suite 5400
Dallas, TX 75201
Telephone: 469-227-8200

## EXHIBIT A

## **AFFIDAVIT**

STATE OF COLORADO            )
                             ) ss.
COUNTY OF_____    )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in Dish Network Corp., et al. v. Arch Specialty Insurance Co., et al., No. 2009 CV 00447-JLK-MEH, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:
_____

_____

Telephone No.: (\_\_\_\_) _____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 20___, by

_____.

WITNESS my hand and official seal.

_____
Notary Public

[S E A L]                                                                My Commission Expires: _____