UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-00447-JLK**

**DISH NETWORK CORPORATION, and
DISH NETWORK LLC,**

    Plaintiffs,

v.

**ARCH SPECIALTY INSURANCE COMPANY,
ARROWOOD INDEMNITY COMPANY,
TRAVELERS INDEMNITY COMPANY OF ILLINOIS,
XL INSURANCE AMERICA, INC., and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**

    Defendants.

---

## MINUTE ORDER

---

Judge John L. Kane ORDERS

    This matter is before me on Plaintiffs' Motion For Leave to Supplement Their Opposition to the Insurers' Motions for Summary Judgment (Doc. 121), filed February 23, 2010. Where, as here, a party seeks to supplement its opposition to a summary judgment motion prior to decision on that motion, it is within my discretion to allow such supplementation. Defendants urge that I should deny Plaintiffs' motion as: (1) the documents Plaintiffs are seeking to authenticate are irrelevant; (2) it is an inappropriate surreply; (3) the purported certification of records is deficient; and (4) Plaintiffs' other arguments are meritless. Only one of these arguments is relevant to my resolution of this issue. I need not determine either the relevance of the ISO records, the sufficiency of the certification of those records, or the merit of Plaintiffs' "other

arguments" pertaining to the admissibility of the ISO records in the context of this decision, and I decline to do so.

I find, contrary to Defendants' argument, Plaintiffs' Motion is not an inappropriate surreply. To the extent it advances theories relating to the admissibility of the ISO documents, it does so only "by way of example." It is well within my authority and expertise to consider the admissibility of evidence *sua sponte* and any discussion by Plaintiffs is extraneous. Furthermore, Plaintiffs citation of additional case law for the relevant proposition that they would be remiss in seeking to supplement the record with a supporting affidavit prior to my decision on Defendants' summary judgment motions is not argument on the underlying merits of the summary judgment motions.

As it is well within my discretion to allow Plaintiffs to supplement their Opposition to Insurers' Motions for Summary Judgment (Doc. 111) with the Declaration of Lillian M. Reyes (Docs. 121-2, 121-3, 121-4, and 121-5) and Defendants have failed to provide evidence of impropriety or prejudice, Plaintiffs' Motion is GRANTED. I emphasize, however, that my decision to grant this motion is in no way a ruling on either the admissibility of the ISO Records or their relevance to my determination of Defendants' Motions for Summary Judgment.

DATED: March 25, 2010