UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-00447-JLK**

**DISH NETWORK CORPORATION, and**
**DISH NETWORK LLC,**

    Plaintiffs,

v.

**ARCH SPECIALTY INSURANCE COMPANY,**
**ARROWOOD INDEMNITY COMPANY,**
**TRAVELERS INDEMNITY COMPANY OF ILLINOIS,**
**XL INSURANCE AMERICA, INC., and**
**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**

    Defendants.

---

ORDER

---

Kane, J.

This matter is currently before me on Plaintiffs' Motion to Stay Proceedings (doc. 157). Based on the forthcoming discussion, Plaintiffs' motion is DENIED.

**Background**

The instant controversy arises out of a patent infringement action pending against Plaintiffs in the Central District of California ("Katz lawsuit"). Plaintiffs filed this suit, seeking to establish that the commercial general liability policies issued by Defendants give rise to a duty to defend and indemnify them against a claim of patent infringement. The parties agreed to simplify the case by proceeding in multiple phases, first addressing whether the Katz lawsuit triggered the Defendant Insurers' duty to defend DISH.

1

On August 19, 2010, I granted Defendant Insurers summary judgment, finding that the underlying claims for patent infringement did not fall potentially within the "advertising injury" coverage contained in the relevant commercial general liability policies. On appeal, the Tenth Circuit reversed my ruling and remanded this case for further proceedings. After reviewing the Tenth Circuit's opinion and its mandate, I found it proper to allow Defendants to raise additional defenses preserved in their Answers to Plaintiffs' Complaint, but not previously raised in their initial motions for summary judgment.

Plaintiffs object to my interpretation of the Tenth Circuit's opinion and mandate, and they have filed a petition seeking a writ of mandamus requesting that the Tenth Circuit direct me to enter judgment in their favor on the duty of the primary insurers to defend. They have filed the instant motion, seeking a stay of these proceedings pending the Tenth Circuit's resolution of their mandamus petition.

## Discussion

In order to demonstrate that a stay of these proceedings is appropriate, Plaintiffs must establish: (1) the threat of irreparable harm if the stay is not granted; (2) the absence of harm to opposing parties if the stay is granted; (3) any risk of harm to the public interest; and (4) the likelihood of success on appeal. *Fed. Trade Comm'n v. Mainstream Marketing Servs., Inc.*, 345 F. 3d 850, 852 (10th Cir. 2003). I address each seriatim.

*Threat of Irreparable Harm if the Stay is Not Granted*

In the absence of a stay, Plaintiffs will be forced to continue litigating whether a coverage exclusion, or other affirmative defense, obviates the potential duty to defend arising from the advertising injury coverage of Defendants' commercial general liability policies. Plaintiffs

assert this will impose an "onerous financial burden," and is contrary to Colorado law. If, as Plaintiffs argue, the Tenth Circuit has definitively determined that the primary insurers have a duty to defend, this injury would indeed result. This factor weighs in favor of the requested stay.

*Harm to Opposing Parties*

Neither party suggests, and I fail to find, that any harm to Defendants would result were I to grant the requested stay. This factor weighs in favor of the requested stay.

*Risk of Harm to Public Interest*

Plaintiffs argue that the public has a significant interest in avoiding the costs imposed by unnecessary, duplicitous litigation. If, as Plaintiffs argue, the Tenth Circuit has definitively determined that the primary insurers have a duty to defend, these interests would be harmed. As Plaintiffs note, however, the public also has an interest in the timely determination of this matter. Although the Tenth Circuit has set this matter for briefing, neither I nor the parties can anticipate when the Tenth Circuit will actually rule on Plaintiffs' petition. An indefinite stay does not serve the public's interest in the "speedy" determination of this case. Accordingly, this factor weighs neither in favor of nor against the requested stay.

*Likelihood of Success on Appeal*

Although, Plaintiffs argue the likelihood of success requirement should be somewhat relaxed, they have failed to establish that the three harm factors tip decidedly in their favor. *Mainstream Marketing Servs., Inc.*, 345 F.3d at 852. Thus, I must determine whether Plaintiffs

are likely to succeed on the merits of their mandamus petition.[1]

Notwithstanding Plaintiffs' argument to the contrary, I remain firmly convinced that the Tenth Circuit's reversal and remand does not definitively resolve whether the primary insurers have a duty to defend in this case.  Further proceedings to determine the applicability of any policy exclusions or other affirmative defenses are consistent with the Tenth Circuit's mandate. This factor weighs against the requested stay.

## Conclusion

Plaintiffs have failed to demonstrate that a stay of these proceedings pending the Tenth Circuit's resolution of their mandamus petition is appropriate.  Accordingly, their Motion to Stay Proceedings (doc. 157) is DENIED.  Because of the delay in these proceedings occasioned by Plaintiffs' motion, the deadlines in this case shall be re-set as follows:

    Discovery Cut-Off:                July 27, 2012

    Dispositive Motion Deadline:      August 24, 2012

Dated: July 12, 2012                                          BY THE COURT:

                                                            **/s/ John L. Kane**
                                                            Senior U.S. District Court Judge

---

[1] Even were I to apply a relaxed standard, Plaintiffs' arguments do not present "questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Mainstream Marketing Servs., Inc.*, 345 F.3d at 852-53.