FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

August 2, 2012

Elisabeth A. Shumaker
Clerk of Court

In re:

DISH NETWORK CORPORATION;
DISH NETWORK, LLC,

      Petitioners.

No. 12-1231
(D.C. No. 1:09-CV-00447-JLK-MEH)
(D. Colo.)

**ORDER**

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

      Petitioners DISH Network Corp. and DISH Network, LLC ("Dish"), have requested a writ of mandamus and a stay of the district court proceedings pending resolution of the mandamus petition. Dish asserts that the district court has failed to comply with the mandate of the prior appeal of this case and has abused its discretion in its conduct of pretrial proceedings following this court's remand. *See DISH Network Corp. v. Arch Specialty Insurance Co.*, 659 F.3d 1010, 1028 (10th Cir. 2011) (*Dish I*). Dish contends that *Dish I* requires the various insurers named as defendants in the underlying litigation to provide a defense for Dish in litigation filed by RAKTL in California. On remand, however, the district court has permitted the insurers to file motions for summary judgment on issues not raised in *Dish I* and to pursue discovery on those issues. Dish maintains that permitting the motions and discovery is a gross abuse of discretion.

The insurers have responded to the mandamus petition. They argue that because *Dish I* did not address their alternate defenses of a broadcast/telecast exclusion and a challenge to the insured status of a plaintiff, the district court is within its discretion to permit them to request summary judgment on those defenses and to pursue related discovery. They point out that the district court has recognized *Dish I*'s rejection of their advertising-injury defense and is proceeding accordingly.

Mandamus is a "drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). It is not a substitute for appeal. *Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994).

> For mandamus to issue, there must be a clear right to the relief sought, a plainly defined and peremptory duty on the part of [the district court] to do the action in question, and no other adequate remedy available. Petitioner must also show that [its] right to the writ is clear and indisputable.

*Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (citation omitted) (internal quotation marks omitted). Further, this court "will grant a writ only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power." *In re Cooper Tire & Rubber Co.*, 568 F.3d at 1186 (internal quotation marks omitted).

We determine that mandamus is not warranted because Dish's entitlement to the issuance of a writ of mandamus is not clear and indisputable. The petition for a

writ of mandamus is DENIED.  Dish's motion for a stay pending resolution of the mandamus petition is DENIED as moot.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk